**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-2735**

---

JOHN D. GRAY,

Plaintiff - Appellant,

versus

TONY LAWS, individually and officially as an
Orange County Health Department employee; DAN
REIMER, individually and officially as Orange
County Health Director; ORANGE COUNTY HEALTH
DEPARTMENT; ORANGE COUNTY,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Franklin T. Dupree, Jr.,
Senior District Judge. (CA-93-60-5-D)

---

Argued: May 7, 1996                    Decided: June 14, 1996

---

Before HALL, WILKINS, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Monroe Jackson Nichols, ALLEN & PINNIX, P.A., Raleigh,
North Carolina, for Appellant. James Redfern Morgan, Jr., WOMBLE,
CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina,
for Appellees. **ON BRIEF:** Robert H. Sasser, III, WOMBLE, CARLYLE,
SANDRIDGE & RICE, P.L.L.C., Raleigh, North Carolina; Geoffrey E.
Gledhill, COLEMAN, GLEDHILL & HARGROVE, Hillsborough, North
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In <u>Gray</u> v. <u>Laws</u>, 51 F.3d 426 (4th Cir. 1995), we vacated summary judgment for defendants on appellant John Gray's claim of retaliatory discharge in violation of his First Amendment rights and remanded the claim "because the district court, perhaps by oversight, failed to consider Gray's allegations of mismanagement and their possible bearing on Gray's First Amendment claim." <u>Id</u>. at 439. On remand, the district court received supplemental briefing on the issue and again entered summary judgment for Gray's employer Orange County Health Department and his immediate supervisors, for two alternative reasons. First, the district court concluded that it was unclear that Gray's allegations of misconduct by the county were protected speech at all because "[i]t appears that many of his allegations pertained to the conditions of his own employment," J.A. at 547, and Gray "offers no credible evidence" of that mismanagement, J.A. at 548. Second, the district court concluded that, even if his allegations against his superiors were protected speech, Gray failed to demonstrate "but for" causation between those allegations, which began in 1977, and his 1990 termination, immediately following, and because of two separate and corroborated complaints of sexual harassment lodged against him by women whose establishments he was charged with inspecting. J.A. at 548.

We have reviewed all of the arguments raised by the parties in their briefs and at oral argument, and, for the reasons explained

3

in the district court's thorough opinion, we affirm the judgment of the district court.

<u>AFFIRMED</u>